Gorman, J.,
dissenting. I find myself unable to concur in the conclusions of my associates as to the right of the commissioner in this case to commit for contempt.
Section 11510, General Code, provides that a refusal to answer may be punished as a contempt of the court or officer by whom the attendance or testimony of the witness is required. This section provides, therefore, only for the punishment by the court or an officer. An officer within the meaning of this section means an officer of the state of Ohio; and under Section 2, General Code, a commissioner who derives his authority from a state other than this state is not an officer of the state of Ohio.
*67 While a commissioner appointed by authority of another state may take depositions in this state, under favor of Section 11530, General Code, I am of the opinion that the legislature has simply recognized his right to take depositions in this state when the witnesses appear voluntarily and consent to give their testimony. I do not think that any person can have the power and authority to deprive a citizen of this state of his liberty, unless he be an officer of this state duly authorized so to do or a court of this state.
The appellate division of the supreme court of New York, in the case of People, ex rel. MacDonald, v. Leubuscher, 34 App. Div., 577 (54 N. Y. Supp., 869), held: That under the Constitution of the United States (Amendment 14, Section 1), providing that no state shall deprive any person of life, liberty, or property without due process of law, Sec. 920, Code Civ. Pro., providing that a person who refuses to testify before a commissioner appointed to take depositions “is liable to the penalties which would be incurred in a like case if he was subpoenaed to attend the trial of an action in a justice court; and for that purpose, the officer, before whom he is required to appear, possesses all the powers of a justice of the peace upon the trial,” — who, under Section 3001, has power to imprison a witness for refusal to testify before him— is unconstitutional as applied to a commissioner appointed by a court of another state to take depositions in that state, and who seeks thereunder to imprison for contempt.
It is also true that Judge Sayler, while on the common pleas bench, in the case of In re Goodman, *68 7 N. P., 201, took the same view of the case pending before him as I take in this case. In the Goodman case he discharged on habeas corpus a witness who was committed by the commissioner appointed by the surrogate court of New York to take testimony in this city. He was of the opinion that the' commissioner was not an officer of Ohio, and therefore not authorized to commit for contempt.
The supreme court of Kansas, in In re Huron, 58 Kans., 152, laid down the same rule as the New York appellate division of the supreme court in the case above cited.
Our supreme court in the case of DeCamp v. Archibald, 50 Ohio St., 618, held that a witness before a notary public, where depositions were being taken to be used in an action pending in this state and in this county, could be committed by the notary, and that the notary had power to commit for contempt of court. But we think that case is distinguishable from the one at bar because a notary public is an officer of this state. He is duly appointed and commissioned by the governor, is obliged to give bond and take an oath of office, as all officers are required to do under Section 2, General Code.
For the reasons stated I am of the opinion that the judgment of the court of common pleas in discharging defendants in error should be affirmed.